Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7827 | **DATE** | 2/18/2004 |
| **CASE TITLE** | NEWLY WEDS FOODS, INC. vs. A.M. TODD GROUP, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to remand is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 19 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEWLY WEDS FOODS, INC., a Delaware ) 
corporation, )
)
          Plaintiff, )
)
vs. ) No. 03 C 7827
)
A. M. TODD GROUP, INC., a Michigan )
corporation, )
)
          Defendant. )

DOCKETED
FEB 1 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Newly Weds Foods, Inc. filed this action against defendant A.M. Todd Group, Inc. in the Circuit Court of Cook County, Illinois, alleging breach of contract. Defendant removed the case to this court and plaintiff filed a motion to remand, arguing that the purchase agreement prohibits removal. For the following reasons, plaintiff's motion is denied.

Plaintiff's claims concern alleged violations of a purchase agreement executed by the parties on October 1, 2000. Section 11.13 of that agreement provides:

> 11.13 <u>Submission to Venue</u>. Purchaser and Seller hereby irrevocably submit to the exclusive jurisdiction of any state court located within the County of Cook, State of Illinois, or any federal court within the Northern District of Illinois. Purchaser and Seller hereby irrevocably acknowledge that (1) the sole and exclusive appropriate venue for any suit or proceeding shall be in such a court, (ii) all claims shall be heard and determined exclusively in such a court, (iii) any such court shall have exclusive jurisdiction over the person of Purchaser and Seller and (iv) each hereby waives any and all objections to personal or subject matter jurisdiction as they may relate to an application for such injunctive relief in a suit or proceeding brought before such a court in accordance with the provision of this Section 11.13.

Forum selection clauses should be enforced unless they are unjust or unreasonable.

M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). In some cases, such a clause may constitute waiver of defendant's right to remove a suit to federal court. Newman/Haas Racing v. Unelko Corp., 813 F.Supp. 1345, 1347 (N.D. Ill. 1993). Any waiver must be clear and unequivocal. Oberweis Dairy, Inc. v. Maplehurst Farms, Inc., 1989 WL 2078, *1 (N.D. Ill.).

Section 11.13 represents the parties' consent to the jurisdiction of *any* state or federal court within a geographic region, not the waiver of defendant's right to remove. *See* Newman/Haas, 813 F. Supp. at 1347. There are innumerable ways the parties could have used the forum selection to limit defendant's right to remove, yet they failed to do so. *See* Euzzino v. London & Edinburgh Ins. Co. Ltd., 228 F. Supp. 431 (N.D. Ill. 1964) (holding that a clause explicitly stating that defendant must submit to jurisdiction at the request of the plaintiff constitutes a waiver of the right to remove). Clauses (iii) and (iv) do not change this result. Clause (iii) simply prohibits a party from filing a competing lawsuit in another jurisdiction with the goal of circumventing the choice-of-venue clause, and clause (iv) deals solely with suits for injunctive relief, eliminating the defense of lack of personal jurisdiction. These clauses cannot be construed as demonstrating an unequivocal waiver by defendant of its right to remove a lawsuit to federal court.

The cases upon which plaintiff relies are easily distinguishable. In Waters v. Browning-Ferris Industries, Inc., 252 F.3d 796 (5th Cir. 2001), the court found that a similar clause constituted a knowing waiver of the right to remove. The clause in Waters, however, explicitly stated that the "Company" (the defendant in the case) irrevocably agreed to jurisdiction in the venue chosen by the plaintiff. *Id.* at 797. The venue clause in the present case binds *both* parties to Illinois rather than allowing one party to choose the forum. Moreover, as Judge

Garza wrote in dissent, the "contract simply does not address whether the suit should be adjudicated ultimately in federal or state court." *Id.* at 798.

Likewise, in <u>Snapper, Inc. v. Redan</u>, 171 F.3d 1249 (11th Cir. 1999), the court determined that the defendants had waived their right of removal. Again, that specific clause was much more restrictive, granting to the plaintiff the exclusive right to choose the forum. *Id.* at 1260. The defendants also expressly waived *all* rights based on their residency, which the court found included the right to remove as well as the right to object to personal jurisdiction. *Id.* As stated above, there is no such waiver of rights at issue here. Instead, the contract simply places a reasonable restriction on the location of the litigation.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 18, 2004.